# CIRCUIT COURT OF SOUTH DAKOTA
## SECOND JUDICIAL CIRCUIT
## LINCOLN & MINNEHAHA COUNTIES
425 North Dakota Avenue
Sioux Falls, SD 57104-2471

**CIRCUIT JUDGES**
Robin J. Houwman, Presiding Judge
Douglas E. Hoffman
Susan M. Sabers
John R. Pekas
Jon C. Sogn
Natalie D. Damgaard
Camela C. Theeler
James A. Power
Sandra Hoglund Hanson
Rachel R. Rasmussen
Jennifer Mammenga
Douglas Barnett

**COURT ADMINISTRATOR**
Karl E. Thoennes III

Telephone: 605-367-5920
Fax: 605-367-5979

Website: ujs.sd.gov/Second_Circuit

October 24, 2023

Mr. Eric Roth
Ms. Debra Roth
5013 S. Louise Ave. #234
Sioux Falls, SD 57108

Mr. Eric Roth
Ms. Debra Roth
26759 465th Ave.
Hartford, SD 57033

Mr. Zachary Nesbit
Halliday, Watkins & Mann, P.C.
376 East 400 South Suite 300
Salt Lake City, UT 84111

Re:  *Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc.*
     *v. Eric L. Roth and Debra Roth, and any person in possession*, 49 CIV 23-1301

Dear Mr. and Ms. Roth and Mr. Nesbit:

Today the Court received a letter from Mr. Roth providing a new address and making multiple requests. For efficiency and to lessen the burden for all concerned, the Court will address some of those requests in this letter, and has asked the clerks to file the letter.

Mr. Roth contends that he did not receive notice of the summary judgment hearing scheduled for October 30, 2023 until October 16th. He requests that the hearing on

801-355-2886

October 30th be cancelled and reset roughly four months later so that, among other things, he can retain legal counsel. Because the Roths' have updated their address, and this is their first request to continue the summary judgment hearing, the Court is cancelling the hearing set for October 30th.

The Court finds and concludes that a four-month extension of summary judgment is not reasonable. A notice of foreclosure was sent to the Roths on November 28, 2022. The Summons and Complaint was served on June 8, 2023. The Roths have already had more than a reasonable amount of time to seek and retain counsel. In addition, further delay increases the risk that the house will be damaged or its condition will deteriorate, resulting in potential prejudice to plaintiff. Because the Roths are representing themselves, the Court will set a new hearing date on the motion for summary judgment of December 6, 2023 at 9:30 a.m. in Courtroom 4A.

If either party has a conflict with the new hearing date of December 6, 2023, at 9:30 a.m., please contact court administration (605-367-5922) as soon as possible. Last minute requests to reschedule are much less likely to be granted.

Mr. Roth objects to Mr. Nesbit's request to appear by telephone or Zoom video for the summary judgment hearing. The Court denies this objection. The Court routinely grants request from out-of-state counsel to use phone or Zoom to appear for summary judgment hearings in civil matters, so the Court is permitting Mr. Nesbit to appear telephonically or by Zoom for the summary judgment hearing.

Last, the judge should not have communication with only one party, so please do not send a letter to the judge that is not also sent to the other party. It is improper to send briefs or filings to the judge. If a party needs to file a brief or other document, that document should be brought or mailed to the Minnehaha Clerk of Court with the case name and number at the top of the document. The party also needs to file a document showing that they sent a copy to the other party.

Sincerely,

James A. Power
Circuit Judge

FILED
OCT 24 2023
Minnehaha County, S.D.
Clerk Circuit Court

## IN THE STATE OF SOUTH DAKOTA, COUNTY OF MINNEHAHA
## IN CIRCUIT COURT, SECOND JUDICIAL CIRCUIT COURT

| | |
|---|---|
| Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc.,<br><br>**Plaintiff,**<br>v.<br><br>Eric L. Roth and Debra Roth, and any person in possession,<br><br>**Defendants.** | **PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MORTION FOR SUMMARY JUDGMENT**<br><br>CIVIL NUMBER:  49CIV23-001301 |

Plaintiff, through Zachary Nesbit of Halliday, Watkins & Mann, P.C., its attorneys,

respectfully submits Plaintiff's Statement of Undisputed Facts and in Support of its Motion for

Summary Judgment.

1.     On or about December 12, 2016, Defendant(s) Eric L. Roth and Debra Roth

executed and delivered to Mortgage Electronic Registration Systems, Inc., as Mortgagee, as

nominee for Quicken Loans Inc., its successors and assigns, a promissory note in the original

principal amount of $155,550.00 (the "Note").[1]

2.     To secure payment of the Note, Defendant(s) Eric L. Roth and Debra Roth, as the

mortgagor(s), executed and delivered to Mortgage Electronic Registration Systems, Inc., as

Mortgagee, as nominee for Quicken Loans Inc., its successors and assigns, a mortgage bearing

the same date as the Note (the "Mortgage") encumbering real property situated in Minnehaha

County, South Dakota (the "Property").  The Property has an address of 26759 465th Avenue,

Hartford, SD 57033, and is more particularly described as follows:

The South 386 feet of the North 687 feet of the East 634.07 feet of the Northeast Quarter

---

[1]  A copy of the Note was attached as Exhibit "A" to Plaintiff's Complaint.  Additionally, Plaintiff served requests for Admissions upon Defendant's address of record and response was received.  Therefore, Plaintiff asserts this fact has been admitted by the Defendant.  See copy of Discovery Request, Admission 1.  A copy of the discovery request is attached to Plaintiff's Brief in Support of Motion for Summary Judgment as Exhibit "A".

of the Southeast Quarter (NE1/4 SE1/4) of Section 35, Township 101 North, Range 51 West of the 5th P.M., Minnehaha County, South Dakota.

3.      Plaintiff is the current holder of the Note and beneficial interest under the Mortgage. The Mortgage and any assignments and/or modifications were recorded in the Office of the County of Register of Deeds of Minnehaha County, South Dakota, as follows:  Mortgage recorded on December 28, 2016, as Instrument No. R631372, in Book 1811 of Mtgs, at Page 391, and Assignment of Mortgage in favor of Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc., recorded on April 12, 2023, as Instrument No. R105515, in Book 1968 of Mtgs, at Page 210.[2]

4.      Plaintiff is the holder of the Note and Mortgagee of the assignee of the Mortgage.[3]      5.      Defendant is in default under the Note and Mortgage because they failed to remit in full the monthly installments due thereunder.[4]

6.      The Notice Before Foreclosure as required by the notice before foreclosure as required by S.D.C.L. § 21-49-13 was mailed to Eric L. Roth and Debra Roth on or about November 18, 2022.[5]

7.      By reason of the default, Plaintiff has elected to accelerate the payments due and does hereby declare the entire unpaid principal balance owing pursuant to the Note and Mortgage, with interest thereon, including advanced real estate taxes and insurance premiums and accrued late charges and costs, to be immediately due and payable, as follows at the time of

---

2   A copy of the Mortgage and Assignments were attached as Exhibit "B" to Plaintiff's Complaint. Additionally, Plaintiff served requests for Admissions upon Defendant's address of record and no response has been received. Therefore, Plaintiff asserts this fact has been admitted by the Defendant. See copy of Discovery Request, Admission 3, 4, and 5.

3   See Discovery Request attached as Exhibit "A", Admission 6

4   See Discovery Request attached as Exhibit "A", Admission 9

5   A copy of the Demand Letter was attached as Exhibit "D" to Plaintiff's Complaint.

---

**IN THE STATE OF SOUTH DAKOTA, COUNTY OF MINNEHAHA**
**IN THE CIRCUIT COURT, SECOND JUDICIAL CIRCUIT COURT**

| | |
|---|---|
| Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc., <br><br> **Plaintiff,** <br><br> **v.** <br><br> Eric L. Roth and Debra Roth, and any person in possession, <br><br> **Defendants.** | **NOTICE OF HEARING** <br><br> CIVIL NUMBER: 49CIV23-001301 |

Please be advised that the Court has scheduled a hearing on Plaintiff's Motion for Summary Judgment for Monday October 31, 2023, at 10:00AM, at the Second Judicial Circuit Court, County of Minnehaha, at 425 N. Dakota Avenue, Sioux Falls, SD 57104.

Dated this 19th day of September, 2023.

> */s/ Zachary Nesbit*
> Zachary Nesbit
> Halliday, Watkins & Mann, P.C.
> 376 East 400 South, Suite 300
> Salt Lake City, UT 84111
> Tel: 801-355-2886
> Fax: 801-328-9714
> Email: zach@hwmlawfirm.com
> Bar Number: 4161
> HWM: SD21278

**IN THE STATE OF SOUTH DAKOTA, COUNTY OF MINNEHAHA**
**IN THE CIRCUIT COURT, SECOND JUDICIAL CIRCUIT COURT**

| | |
|---|---|
| Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc., <br><br> **Plaintiff,** <br><br> **v.** <br><br> Eric L. Roth and Debra Roth, and any person in possession, <br><br> **Defendants.** | **NOTICE OF HEARING** <br><br> CIVIL NUMBER:  49CIV23-001301 |

Please be advised that the Court has scheduled a hearing on Plaintiff's Motion for Summary Judgment for Monday October 31, 2023, at 10:00AM, at the Second Judicial Circuit Court, County of Minnehaha, at 425 N. Dakota Avenue, Sioux Falls, SD 57104.

Dated this 19th day of September, 2023.

*/s/ Zachary Nesbit*
Zachary Nesbit
Halliday, Watkins & Mann, P.C.
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Tel: 801-355-2886
Fax: 801-328-9714
Email: zach@hwmlawfirm.com
Bar Number: 4161
HWM: SD21278

SD21278.NOTICE                    Page 1 of 1

## IN THE STATE OF SOUTH DAKOTA, COUNTY OF MINNEHAHA
### IN CIRCUIT COURT, SECOND JUDICIAL CIRCUIT COURT

| | |
|---|---|
| Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc., | **AFFIDAVIT OF FORECLOSURE** |
| **Plaintiff,** <br><br> v. | CIVIL NUMBER:  49CIV23-001301 |
| Eric L. Roth and Debra Roth, and any person in possession, | |
| **Defendants.** | |

1.      I, _Eric Gibson_ , being duly sworn under oath, state as follows:

2.      I am a _Loss Mitigation Officer_ of Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc. ("Plaintiff"). As such, I am directly involved with the subject mortgage loan, and have knowledge of its delinquent status. I am familiar with the loan servicing systems, procedures and foreclosure process, and have over-all responsibility for processing the subject mortgage loan through foreclosure with the assistance of foreclosure counsel. I am over the age of 18 and competent to testify as to the matters contained herein.

3.      I am authorized to make this Affidavit. I make this Affidavit based on my personal knowledge, my experience, and my knowledge and review of Plaintiff's record-keeping systems and its business records created and kept in the regular course of Plaintiff's business.

3.      That Eric L. Roth executed a written Promissory Note dated December 12, 2016, in the amount of $155,550.00.

4.      That for the purpose of securing payment of said Promissory Note, Eric L. Roth and Debra Roth, executed a real estate mortgage dated December 12, 2016, in the amount of $155,550.00.

5.      In my position, I have access to and regularly use and rely upon loan servicing histories, and regularly obtain and review copies of loan origination files.

6.      Due to the default described above, and in accordance with the terms of the promissory note and mortgage/deed of trust, the Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc. has accelerated the maturity of the note and declared all sums thereunder to become immediately due and payable.

8.    As of September 6, 2023, the following amounts are now due and owing to the Plaintiff.

| Principal | $145,864.98 |
|---|---|
| Interest | $21,969.52 |
| Escrow Advance | $14,898.87 |
| Suspense Balance | $-1,041.86 |
| Property Inspection | $230.00 |
| Grand Total | $181,921.51 |

Interest will continue to accrue until the date of judgment under the terms of the Note and Mortgage.

f/k/a Quicken Loans Inc.

Rocket Mortgage, LLC f/k/a Quicken Loans, LLC

DATED: 8/24/23

BY: _____
[SIGNATURE OF SIGNATORY]
Eric Gibson
Loss Mitigation Officer
_____
[PRINTED NAME OF SIGNATORY]

State of MICHIGAN
County of WAYNE

The foregoing instrument was subscribed and sworn to before me this 24. August 2023 (date) by Eric Gibson _____ (name), in their authorized capacity as the Loss Mitigation Officer (position) of Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc..

(seal)

_____
Signature of Notary

Notary Public
(Title or Rank)

Susan L Dennis
Notary Public State of Michigan
Oakland County
My Commission Expires 1/23/2030
Acting in the County of _____

## IN THE STATE OF SOUTH DAKOTA, COUNTY OF MINNEHAHA
## IN THE CIRCUIT COURT, SECOND JUDICIAL CIRCUIT COURT

| | |
|---|---|
| Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc., | **MOTION FOR SUMMARY JUDGMENT AND CERTIFICATE OF SERVICE** |
| **Plaintiff,** | |
| **v.** | CIVIL NUMBER: 49CIV23-001301 |
| Eric L. Roth and Debra Roth, and any person in possession, | |
| **Defendants.** | |

Plaintiff, by and through its attorney, Zachary Nesbit, of Halliday, Watkins & Mann, P.C., hereby files its Motion for Summary Judgment.

Plaintiff, pursuant to S.C.C.L. § 15-6-56(c), moves this Court for an order granting summary judgment in its favor against Defendant for the relief prayed for in the Complaint, upon grounds and for the reasons that there exists no genuine issue of fact concerning the matters alleged in Plaintiff's Complaint.

Judgment against the Defendant is requested, in the amount of $181,921.51, plus interest and incurred fees and costs, plus Plaintiff's attorney's fees and costs, and further to foreclose the interest of said Defendants in the real property described in the Complaint and documents attached hereto.

Dated this 19 day of September, 2023.

/s/ Zachary Nesbit
Zachary Nesbit
Halliday, Watkins & Mann, P.C.
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Tel: 801-355-2886
Email: zach@hwmlawfirm.com
Bar Number: 4161
HWM: SD21278

SD21278.MOTION                    Page 1 of 2

## CERTIFICATE OF SERVICE

Zachary Nesbit, of Halliday, Watkins & Mann, P.C., hereby states that a copy of the foregoing Motion for Summary Judgment, Brief in Support, Statement of Undisputed Facts, Affidavit of Debt, and Notice of Hearing filed in support thereof were mailed, postage pre-paid, to the following parties on the date set forth below:

Debra Roth
26759 465th Avenue
Hartford, SD 57033

Eric L. Roth
26759 465th Avenue
Hartford, SD 57033

**DATED** and served this 19 day of September, 2023.

/s/ *Zachary Nesbit*
Zachary Nesbit
Halliday, Watkins & Mann, P.C.
HWM: SD21278

SD21278.MOTION                     Page 2 of 2

the Complaint being filed in the amount of 181,921.51.[6]

     8.     There is also due interest accruing thereafter, plus all advances, attorney's fees and other costs and charges as prayed for herein.

Dated this 18 day of September, 2023.

<div style="margin-left:40%">

Halliday, Watkins & Mann, P.C.

*/s/ Zachary Nesbit*
Zachary Nesbit
Attorneys for Plaintiff
376 East 400 South, Suite 300
Salt Lake City, Utah 84111
801-355-2886
zach@hwmlawfirm.com
File: SD21278

</div>

---

[6]  See Affidavit of Debt

SD21278.STATEMENT          Page **3** of **3**

**IN THE STATE OF SOUTH DAKOTA, COUNTY OF MINNEHAHA**
**IN THE CIRCUIT COURT, SECOND JUDICIAL CIRCUIT COURT**

| | |
|---|---|
| Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc., <br><br> **Plaintiff,** <br><br> **v.** <br><br> Eric L. Roth and Debra Roth, and any person in possession, <br><br> **Defendants.** | **PLAINTIFF'S AFFIDAVIT OF ATTORNEY'S FEES AND COSTS** <br><br> CIVIL NUMBER: 49CIV23-001301 |

STATE OF UTAH            )
                                            :ss
COUNTY OF SALT LAKE  )

The undersigned attorney, being first duly sworn on oath, deposes and states as follows:

1.      I am the attorney for the Plaintiff and a member of Halliday, Watkins & Mann, P.C. and I make this Affidavit for and on Plaintiff's behalf.  It is the policy of Halliday, Watkins & Mann, P.C. to maintain a complete file on each case, including time and costs incurred in each case.  I have reviewed Halliday, Watkins & Mann, P.C.'s for this matter, specifically the attorney fees and costs incurred.

2.      Plaintiff is entitled to attorney's fees pursuant to S.D.C.L. § 21-49-23(1).

3.      The following fees and costs were incurred on this case.

| | |
|---|---|
| Attorney Fees | $1,750.00 |
| Complaint Filing Costs | $70.00 |
| Recording Costs | $30.00 |
| Service of Process Costs | $387.00 |

SD21278.AFF                              Page 1 of 2

| Title Costs | $265.00 |
|---|---|
| Mailing Costs | $10.85 |
| Sales Tax | $113.75 |
| Grand Total | $2,626.60 |

Date: September 19, 2023

Zachary Nesbit
Halliday, Watkins & Mann, P.C.
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Tel: 801-355-2886
Fax: 801-328-9714
Email: zach@hwmlawfirm.com
Bar Number: 4161
HWM: SD21278

STATE OF UTAH          )
                       :ss
COUNTY OF SALT LAKE  )

Subscribed and sworn to before me and in my presence, this _19_ day of

September, 2023, by Zachary Nesbit.

MARGARET LEE
Notary Public, State of Utah
Commission # 710939
My Commission Expires
March 22, 2024

Notary Public
State of Utah
County of Salt Lake
My Commission Expires:

SD21278.AFF                    Page 2 of 2

## IN THE STATE OF SOUTH DAKOTA, COUNTY OF MINNEHAHA
## IN CIRCUIT COURT, SECOND JUDICIAL CIRCUIT COURT

| | |
|---|---|
| Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc., <br><br> **Plaintiff,** <br> **v.** <br><br> Eric L. Roth and Debra Roth, and any person in possession, <br> **Defendants.** | **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** <br><br> CIVIL NUMBER:  49CIV23-001301 |

Plaintiff, through Zachary Nesbit of Halliday, Watkins & Mann, P.C., its attorneys, respectfully provides this brief in support of its Motion for Summary Judgment

### INTRODUCTION.

Defendant(s), Eric L. Roth and Debra Roth ("Defendants"), obtained a loan from Mortgage Electronic Registration Systems, Inc., as Mortgagee, as nominee for Quicken Loans Inc., its successors and assigns, and executed a Promissory Note for $155,550.00, plus interest, to evidence and secure such loan.  In addition, Defendant executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as Mortgagee, as nominee for Quicken Loans Inc., its successors and assigns.  Subsequently, Mortgage Electronic Registration Systems, Inc., as Mortgagee, as nominee for Quicken Loans Inc., its successors and assigns assigned the Note and Mortgage to the Plaintiff.

Plaintiff brought suit against Defendant alleging Defendants' default on their loan and seeking to foreclose on the Mortgage executed by the Defendant.  Defendant, Eric L. Roth and Debra Roth filed an Answer.  Plaintiff now moves for summary judgment on the grounds that Defendant is in default, there are no liens that are superior to Plaintiff's Mortgage, and Plaintiff is the proper party to foreclose on the Mortgage.

### BACKGROUND FACTS NOT IN DISPUTE

1.      On or about December 12, 2016, Defendant(s) Eric L. Roth and Debra Roth executed and delivered to Mortgage Electronic Registration Systems, Inc., as Mortgagee, as nominee for Quicken Loans Inc., its successors and assigns, a promissory note in the original principal amount of 155,550.00 (the "Note").

2.      To secure payment of the Note, Defendant(s) Eric L. Roth and Debra Roth, as the mortgagor(s), executed and delivered to Mortgage Electronic Registration Systems, Inc., as Mortgagee, as nominee for Quicken Loans Inc., its successors and assigns, a mortgage bearing the same date as the Note (the "Mortgage") encumbering real property situated in Minnehaha County, South Dakota (the "Property"). The Property has an address of 26759 465th Avenue, Hartford, SD 57033, and is more particularly described as follows:

The South 386 feet of the North 687 feet of the East 634.07 feet of the Northeast Quarter of the Southeast Quarter (NE1/4 SE1/4) of Section 35, Township 101 North, Range 51 West of the 5th P.M., Minnehaha County, South Dakota.

3.      Plaintiff is the current holder of the Note and beneficial interest under the Mortgage. The Mortgage and any assignments and/or modifications were recorded in the Office of the County of Register of Deeds of Minnehaha County, South Dakota, as follows: Mortgage recorded on December 28, 2016, as Instrument No. R631372, in Book 1811 of Mtgs, at Page 391, and Assignment of Mortgage in favor of Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc., recorded on April 12, 2023, as Instrument No. R105515, in Book 1968 of Mtgs, at Page 210.

4.      Plaintiff is the holder of the Note and Mortgagee of the assignee of the Mortgage.

5.      Defendant is in default under the Note and Mortgage because they failed to remit in full the monthly installments due thereunder.

6.     The Notice Before Foreclosure as required by the notice before foreclosure as required by S.D.C.L. § 21-49-13 was mailed to Eric L. Roth and Debra Roth on or about November 28, 2022.

7.     By reason of the default, Plaintiff has elected to accelerate the payments due and does hereby declare the entire unpaid principal balance owing pursuant to the Note and Mortgage, with interest thereon, including advanced real estate taxes and insurance premiums and accrued late charges and costs, to be immediately due and payable, as follows at the time of the Complaint being filed in the amount of $181,921.51.

8.     There is also due interest accruing thereafter, plus all advances, attorney's fees and other costs and charges as prayed for herein.

## ARGUMENT

### A.     Standard for Summary Judgment:

Pursuant to South Dakota Codified Laws § 15-6-56, a party seeking to recover upon a claim …. may at any time after the expiration of thirty days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. When a motion for summary judgment is made and supported as provided in § 15–6–56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in § 15–6–56, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

### B.     Standing to Enforce Mortgage:

S.D.C.L. § 57A-3-301, sets forth who is entitled to enforce an instrument:

"Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to § 57A–3–309 or 57A–3–418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

In the present case, Plaintiff has attached a copy of the Note to Plaintiff's Complaint. Said Note is endorsed in blank and is being held by the Plaintiff. Additionally, a recorded Assignment of Mortgage has been recorded with the Minnehaha County Register of Deeds providing notice that Plaintiff is the Note Holder and entitled to enforce the provisions of the Mortgage.

C.     **Foreclosure is Proper under the 180 Day Redemption Act:**

Foreclosure in this case is governed by S.D.C.L. § 21-49-11 et seq., known as the One Hundred Eighty Day Redemption Mortgage Act, which allows for foreclosure of land of not more than forty acres. "Under this chapter, the redemption period is shortened to 180 days, rather that the customary one year-year period … To qualify for this shortened redemption period, the parties must agree, in the mortgage document, that the provisions of S.D.C.L. chapter 21-49 will govern." "After the foreclosure sale, the property may be redeemed within 180 days if the property is occupied, or within 60 days if the property has been abandoned. "S.D.C.L. § 21-49-38 further provides: '[i]n no event may redemption be extended beyond the period of one hundred eighty consecutive days, computed from the date the certificate is recorded.'"

In the present case, the Mortgage executed by Eric L. Roth and Debra Roth included an agreement that the provisions of the One Hundred Eighty Redemption Act apply. Further, this action was properly commenced in Minnehaha County, the county where the mortgage property is located. Additionally, the Defendant has admitted payments required pursuant to the terms of

the Note and Mortgage have not been made and the Note and Mortgage are in default. As such,

there is simply no question that the mortgage foreclosure has been properly commenced.

## CONCLUSION

For all the reasons, Plaintiff respectfully requests that the Court grant its Motion for

Summary Judgment.

Dated this 19 day of September, 2023.

Halliday, Watkins & Mann, P.C.

*/s/ Zachary Nesbit*
Zachary Nesbit
Attorneys for Plaintiff
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Phone: 801-355-2886
zach@hwmlawfirm.com
File: SD21278

**IN THE STATE OF SOUTH DAKOTA, COUNTY OF MINNEHAHA**
**IN THE CIRCUIT COURT, SECOND JUDICIAL CIRCUIT COURT**

| | |
|---|---|
| Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc., | **ORDER TO APPEAR TELEPHONICALLY** |
| **Plaintiff,** | CIVIL NUMBER: 49CIV23-001301 |
| **v.** | |
| Eric L. Roth and Debra Roth, and any person in possession, | |
| **Defendants.** | |

Based upon the Motion to Appear by Telephone filed by Zachary Nesbit, the Court being fully informed in the matter, the Court does hereby Order as follows:

Zachary Nesbit shall attend the Hearing set for October 30, 2023 at 10:00AM, the Court being fully informed in the matter, the Court does hereby GRANT the order to appear by telephone.

[ ] Zachary Nesbit shall call the court at _____

[ ] The Court shall initiate the call by calling Zachary Nesbit at his direct line, 801-990-3736

Date: October 4, 2023

_____
Judge James Power

SD21278.MOTION                Page 1 of 1

**IN THE STATE OF SOUTH DAKOTA, COUNTY OF MINNEHAHA**
**IN THE CIRCUIT COURT, SECOND JUDICIAL CIRCUIT COURT**

| | |
|---|---|
| Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc., | **PLAINTIFF'S MOTION TO APPEAR BY TELEPHONE** |
| **Plaintiff,** | **CIVIL NUMBER: 49CIV23-001301** |
| **v.** | |
| Eric L. Roth and Debra Roth, and any person in possession, | |
| **Defendants.** | |

Plaintiff, by and through its attorney of record, Zachary Nesbit, of Halliday, Watkins & Mann, P.C., requests permission from the Court to appear telephonically at the Summary Judgment Hearing hearing scheduled for October 30 2023, at 10:00AM. In support of this motion, Plaintiff states as follows:

    1.    Plaintiff is represented by counsel who is located in Salt Lake City, State of Utah.

    2.    Due to the physical distance between the Court and Plaintiff's counsel, Plaintiff's counsel prefers to appear by telephone to reduce the amount of legal fees and costs incurred by the Plaintiff in bringing this action.

    3.    If the Court elects to grant Plaintiff's Motion, no party will be prejudiced, and the Court will still be able to effectively adjudicate the hearing.

    4.    Therefore, Plaintiff respectfully requests that the Court allow Plaintiff's counsel to attend the matter by telephone or video conference.

Date: October 4, 2023

*/s/ Zachary nesbit*
Zachary Nesbit
Halliday, Watkins & Mann, P.C.
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Tel: 801-355-2886
Fax: 801-328-9714
Email: zach@hwmlawfirm.com
Bar Number: 4161
HWM: SD21278

SD21278.MOTION                Page 2 of 2

## IN THE STATE OF SOUTH DAKOTA, COUNTY OF MINNEHAHA
## IN THE CIRCUIT COURT, SECOND JUDICIAL CIRCUIT COURT

| | |
|---|---|
| Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc., | **COMPLAINT FOR JUDICIAL FORECLOSURE** |
| **Plaintiff,**<br>**v.** | **CIVIL NUMBER:** |
| Eric L. Roth and Debra Roth, and any person in possession, | |
| **Defendants.** | |

Plaintiff, by and through its attorney of record, Zachary Nesbit, of Halliday, Watkins & Mann, P.C. hereby files this Complaint for a Judicial Foreclosure and alleges as follows:

1.     On or about December 12, 2016, Defendant Eric L. Roth executed and delivered to Quicken Loans Inc., its successors and assigns, a promissory note in the original principal amount of $155,550.00 (the "Note"). A copy of the Note is attached as Exhibit "A" and made a part hereof.

2.     To secure payment of the Note, Defendants Eric L. Roth and Debra Roth, as the mortgagors, executed and delivered to Mortgage Electronic Registration Systems, Inc., as Mortgagee, as nominee for Quicken Loans Inc., its successors and assigns, as the mortgagee, a mortgage bearing the same date as the Note (the "Mortgage") encumbering real property situated in Minnehaha County, South Dakota (the "Property"). The Property has an address of 26759 465th Avenue, Hartford, SD 57033, and is more particularly described as follows:

The South 386 feet of the North 687 feet of the East 634.07 feet of the Northeast Quarter of the Southeast Quarter (NE1/4 SE1/4) of Section 35, Township 101 North, Range 51 West of the 5th P.M., Minnehaha County, South Dakota.

SD21278.COMP                    Page 1 of 6

3.    Plaintiff is the current holder of the Note and beneficial interest under the Mortgage.  The Mortgage and any assignments and/or modifications were recorded in the Office of the County Register of Deeds of Minnehaha County, South Dakota, as follows: Mortgage recorded on December 28, 2016, as Instrument No. R631372, in Book 1811 of Mtgs, at Page 391, and Assignment of Mortgage in favor of Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc., recorded on the April 12, 2023, as Instrument No. R105515, in Book 1968 of Mtgs, at Page 210.  A copy of the Mortgage and any assignments and/or modifications referenced above are attached as Exhibit "B" and made a part hereof.

4.    Defendants "any person in possession" are persons or entities unknown, claiming an estate or interest in, or lien, or encumbrance upon, the Property, who are unknown at the time of the commencement of this action.

5.    A copy of the title report (including any updates) relied upon and used in the preparation of this complaint is attached hereto as Exhibit "C" and made a part thereof.  The estates, liens, encumbrances and other claims or interests of Defendants include, but are not limited to, those disclosed by said report.

6.    The Note and Mortgage, among other things, require the mortgagors to pay monthly payments of principal and interest, property taxes and assessments, insurance premiums, late charges and attorney's fees.  The Note and Mortgage also contain a power of sale, the right to accelerate the amounts secured by the Note and Mortgage and the right to foreclose on the Property after default, and for the collection of all amounts owing and/or advanced under the Note and Mortgage as well as the costs and expenses of foreclosure and any sums reasonably expended by Plaintiff for the protection

SD21278.COMP                        Page 2 of 6

and preservation of the Property not otherwise prohibited by the laws of South Dakota.

7.      The Mortgage provides that the Short-Term Mortgage Redemption Act is applicable, so the redemption period is 180 days from the date the sheriff's certificate of sale is recorded.

8.      Defendants, Eric L. Roth and Debra Roth have failed to remit one or more monthly payments required by the Note and Mortgage and are in default thereunder.

9.      The notice before foreclosure as required by S.D.C.L. § 21-49-13 was mailed to the mortgagors, Eric L. Roth and Debra Roth on or about November 28, 2022. A copy of the notice is attached as Exhibit "D" and made a part hereof.

10.     Plaintiff has elected to accelerate the payments due under the Note and Mortgage and does hereby declare the entire unpaid principal balance and interest, as well as any advances for real estate taxes, assessments and insurance premiums, late charges, attorney's fees and other charges, costs and expenses to be immediately due and payable as follows:

| | |
|---|---|
| Principal | $145,864.98 |
| Interest Through 05/11/2023 | $19,871.47 |
| Escrow Advance | $14,898.87 |
| Suspense Balance | $-1,041.86 |
| Recoverable Balance | $1,470.60 |
| Grand Total | $181,064.06 |

11.     There is also due interest accruing hereafter on the unpaid principal balance until paid at the rate of $17.98 per day, plus any additional advances, charges, costs and expenses, including attorney's fees, incurred by Plaintiff through the date of the sheriff's sale of the Property.

SD21278.COMP          Page 3 of 6

12.    No other proceedings at law or otherwise for recovery of the debt secured by the Note and Mortgage are pending.

13.    The Property consists of one separate and distinct known parcel and tract of land, is used as such, and Plaintiff believes that said property cannot be sold in separate portions without injury to the property or to the parties interested therein.

14.    Any and all claims, liens and interests of Defendants with respect to the Property are junior, inferior and subordinate to the lien of Plaintiff's Mortgage. Plaintiff acknowledges that real property tax liens are superior to the Plaintiff's mortgage and are not subject to this foreclosure action.

15.    Any and all claims, liens and interests of Defendants, not related to Minnehaha County real property tax liens, with respect to the Property are junior, inferior and subordinate to the lien of Plaintiff's Mortgage.

16.    Plaintiff has employed the assistance of an attorney to commence and prosecute this action and is entitled to include its attorney's fees incurred as part of the judgment herein in accordance with the terms of the Note and Mortgage and as allowed by S.D.C.L. 21-49-13(2).

WHEREFORE, Plaintiff prays for judgment as follows:

1.    That the Court grant a foreclosure judgment for the amounts owing under the Note and Mortgage in the sum of $181,064.06, plus accruing interest through the date of the sheriff's sale of the Property at the rate of $17.98 per day.

2.    That the judgment amount be further augmented through the date of the sale of the Property by the amount of any additional advances for unpaid property taxes, assessments and insurance premiums, or otherwise advanced for the protection and

SD21278.COMP                    Page 4 of 6

preservation of the Property, and by the amount of all other charges, costs and expenses, including attorney's fees, incurred by the Plaintiff, plus interest thereon.

3.      That Plaintiff's Mortgage is a valid and lawful mortgage lien against the Property, that the estates, liens, encumbrances and other claims or interests of Defendants in and to the Property, and of all persons claiming by, from, through or under the Defendants, are junior, inferior and subordinate to the lien of Plaintiff's Mortgage, and that Plaintiff's Mortgage is in all respects superior and paramount thereto.

4.      That a sale of the Property shall be scheduled and held by the Sheriff of Minnehaha County, South Dakota, or by his deputy, and the Property sold at said sale to satisfy the sums owing to Plaintiff, after which the Sheriff shall issue his certificate of sale to the purchaser(s) at the sale and deliver a sheriff's deed to the purchaser(s) upon the expiration or waiving of the redemption period, all in accordance with the laws of South Dakota.

5.      That the Property is one parcel and/or a contiguous tract of land and therefore should be sold as one parcel.

6.      That Defendants or their successors shall have a 180-day redemption right in accordance with South Dakota law.

7.      That following the sale of the Property, the Sheriff shall retain his fees and costs from the sale proceeds, pay to Plaintiff's attorney the remaining proceeds sufficient to pay Plaintiff's judgment amount, as augmented by accruing interest and other amounts as allowed herein, and then deposit any surplus sale proceeds along with his report of the foreclosure proceedings with the Clerk of the Court, all in accordance with the laws of South Dakota.

SD21278.COMP                    Page 5 of 6

8.      That Plaintiff may credit bid at the sale the full judgment debt, or a lesser amount as Plaintiff may determine, either in person or via telephone, but in any event, Plaintiff shall not be entitled to a deficiency judgment and the judgment debt shall be deemed fully satisfied by the sale of the Property.

9.      That Plaintiff's reasonable attorney's fees and other costs and expenses be included in the judgment in accordance with the terms of the Note and Mortgage.

Date: May 9, 2023

                                        Halliday, Watkins & Mann, P.C.


                                        By /s/ Zachary Nesbit
                                        Zachary Nesbit
                                        Attorneys for Plaintiff
                                        376 East 400 South, Suite 300
                                        Salt Lake City, UT 84111
                                        Tel: 801-355-2886
                                        Fax: 801-328-9714
                                        Email: zach@hwmlawfirm.com
                                        Bar Number: 4161
                                        HWM: SD21278

SD21278.COMP          Page 6 of 6

# EXHIBIT "A"

MERS MIN: ████████████████

# Note

Roth, Eric

December 12, 2016                    Hartford                    SD
*[Date]*                              *[City]*                    *[State]*

26759 465th Ave
Hartford, SD 57033-6927
*[Property Address]*

## 1. Borrower's Promise to Pay

In return for a loan that I have received, I promise to pay U.S. $155,550.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Quicken Loans Inc.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. Interest

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 4.500%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. Payments

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on February 1, 2017. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on January 1, 2047, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at P.O. Box 6577, Carol Stream, IL 60197 or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 788.15

## 4. Borrower's Right to Prepay

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3200 1/01
VMP5N (1302).01
Page 1 of 3

**5. Loan Charges**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. Borrower's Failure to Pay as Required**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of Fifteen calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000% of my overdue payment of principal and interest.

I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. Giving of Notices**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. Obligations of Persons Under this Note**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

MULTISTATE FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3200 1/01
VMP5N (1302).01
Page 2 of 3

**9. Waivers**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. Uniform Secured Note**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ 12/12/2016 _(Seal)_     _____ _(Seal)_
Eric L. Roth                            **-Borrower**                                        **-Borrower**

_____ _(Seal)_                 _____ _(Seal)_
                            **-Borrower**                                        **-Borrower**

_[Sign Original Only]_

☐ Refer to the attached *Signature Addendum* for additional parties and signatures.

Without Recourse
Pay To the Order of

Loan origination organization Quicken Loans Inc.
NMLS ID ████
Loan originator Kevin Hofman
NMLS ID ████

QUICKEN LOANS INC.

By_____
        NADINE BORJA
        CAPTURE MANAGER

MULTISTATE FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3200 1/01
VMP5N (1302).01
Page 3 of 3

# EXHIBIT "B"

*EF 16*

Return To:
Document Management
Quicken Loans Inc.
1050 Woodward Ave
Detroit, MI 48226-1906

[SEAL] REGISTER OF DEEDS MINNEHAHA COUNTY SD

Recorded Dec 28, 2016 at 10:00 **391**
In Book **1811** of Mtgs on Page ___
Julie D. Risty, Register of Deeds
Minnehaha County, South Dakota
By _____ Deputy

Prepared By:
Charde A Barker
1050 Woodward Ave
Detroit, MI 48226-1906

**When Recorded Return to:**
**Indecomm Global Services**
**As Recording Agent Only**
**1260 Energy Lane**
**St. Paul, MN 55108**

R631372

——————————— [Space Above This Line For Recording Data] ———————————

## MORTGAGE-ONE HUNDRED EIGHTY DAY REDEMPTION

MIN ████████████

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated      December 12, 2016      ,
together with all Riders to this document.

**(B) "Borrower"** is Eric L. Roth, a married man and Debra Roth, his wife

Borrower is the mortgagor under this Security Instrument.

**(C) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. ████████

**SOUTH DAKOTA**-Single Family-Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT WITH MERS**
⊗ -6A(SD) (1302).00

Page 1 of 15       Form 3042 1/01
                   Initials: _EL_
VMP Mortgage Solutions, Inc.

2

Recorded Dec 28, 2016 at 10:00
In Book 1811 of Mtgs on Page 391

2 of 16

(D) **"Lender"** is Quicken Loans Inc.

Lender is a Corporation
organized and existing under the laws of                    the State of Michigan
Lender's address is 1050 Woodward Ave, Detroit, MI 48226-1906

(E) **"Note"** means the promissory note signed by Borrower and dated       December 12, 2016
The Note states that Borrower owes Lender One Hundred Fifty Five Thousand Five
Hundred Fifty and 00/100                                                          Dollars
(U.S. $ 155,550.00          ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than        January 1, 2047
(F) **"Property"** means the property that is described below under the heading "Transfer of Rights in the
Property."
(G) **"Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(H) **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☒ Other(s) [specify] |

Legal Attached

(I) **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(J) **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(K) **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
(L) **"Escrow Items"** means those items that are described in Section 3.
(M) **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
(N) **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
(O) **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (12 C.F.R. Part 1024), as they might be amended from time to
time, or any additional or successor legislation or regulation that governs the same subject matter. As used

**SOUTH DAKOTA**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**
VMP ®-6A(SD) (1302).00                Page 2 of 15          Initials:___          **Form 3042  1/01**

Recorded Dec 28, 2016 at 10:00
In Book 1811 of Mtgs   on Page 391

3 of 16

in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in the
County                                     of                    Minnehaha
[Type of Recording Jurisdiction]                    [Name of Recording Jurisdiction]


SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.
SUBJECT TO COVENANTS OF RECORD.


Parcel ID Number:                    012989                    which currently has the address of
26759 465th Ave                                                                      [Street]
                Hartford                    [City], South Dakota   57033-6927    [Zip Code]
("Property Address"):
    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.
    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

**SOUTH DAKOTA**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**
-6A(SD) (1302).00                    Page 3 of 15        Initials:                    Form 3042  1/01

Recorded Dec 28, 2016 at 10:00
In Book 1811 of Mtgs on Page 391

4 of 16

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to

SOUTH DAKOTA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS
-6A(SD) (1302).00          Page 4 of 15          Initials: ____          Form 3042 1/01

Recorded Dec 28, 2016 at 10:00
In Book 1811 of Mtgs   on Page 391

5 of 16

be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the

SOUTH DAKOTA-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**
-6A(SD) (1302).00                          Page 5 of 15                    Initials:_____          **Form 3042  1/01**

lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with

**SOUTH DAKOTA**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**
-6A(SD) (1302).00                         Page 6 of 15        Initials:           Form 3042  1/01

Recorded Dec 28, 2016 at 10:00
In Book 1811 of Mtgs  on Page 391

7 of 16

the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable

**SOUTH DAKOTA**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**
®    -6A(SD) (1302).00                    Page 7 of 15              Initials:                    **Form 3042  1/01**

Recorded Dec 28, 2016 at 10:00
In Book 1811 of Mtgs on Page 391

8 of 16

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. **Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) **Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

SOUTH DAKOTA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS
VMP ®-6A(SD) (1302).00          Page 8 of 15          Initials: _____          Form 3042 1/01

Recorded Dec 28, 2016 at 10:00
In Book 1811 of Mtgs  on Page 391

9 of 16

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. **Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

SOUTH DAKOTA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS
-6A(SD) (1302).00                          Page 9 of 15          Initials:____          Form 3042  1/01

Recorded Dec 28, 2016 at 10:00
In Book 1811 of Mtgs on Page 391

10 of 16

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

SOUTH DAKOTA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS
-6A(SD) (1302).00                    Page 10 of 15          Initials:          Form 3042  1/01

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA

**SOUTH DAKOTA**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**
**-6A(SD)** (1302).00                Page 11 of 15          Initials: ___          **Form 3042  1/01**

Recorded Dec 28, 2016 at 10:00
In Book 1811 of Mtgs on Page 391

12 of 16

requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

**SOUTH DAKOTA**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**
**-6A(SD)** (1302).00                      Page 12 of 15             Initials:_____        **Form 3042  1/01**

```
Recorded Dec 28, 2016 at 10:00
In Book 1811 of Mtgs   on Page 391

         13 of 16
```

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give notice of sale to Borrower in the manner provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender shall sell the Property in one or more parcels and in any order Lender determines. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the clerk of the court subject to the order of the court.

**23. Foreclosure by Action.** In case of a foreclosure by action, the holder of the certificate of sale may apply to the court for reduction of the redemption period, if the Property has been abandoned by the Borrower(s). If, after notice to the party(ies) as the court directs, the court finds the Property has been abandoned, the redemption period may be reduced. The redemption period may not be reduced to less than 60 days from the date of the recording of the certificate of sale.

**24. NOTICE. THE PARTIES AGREE THAT THE PROVISIONS OF THE ONE HUNDRED EIGHTY DAY REDEMPTION MORTGAGE ACT GOVERN THIS MORTGAGE.**

**25. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**26. Waiver of Homestead.** Borrower waives all rights of homestead exemption in the Property.

**27. Area of the Property.** Borrower warrants that the Property is 40 acres or less in area.

SOUTH DAKOTA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS
VMP-6A(SD) (1302).00                    Page 13 of 15        Initials: ___        Form 3042  1/01

Recorded Dec 28, 2016 at 10:00
In Book 1811 of Mtgs on Page 391

14 of 16

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____            _____ 12/12/2016 (Seal)
                                            Eric L. Roth                    -Borrower


_____            _____ 12/12/2016 (Seal)
                                            Debra Roth                      -Borrower


_____ (Seal)      _____ (Seal)
                      -Borrower                             -Borrower


_____ (Seal)      _____ (Seal)
                      -Borrower                             -Borrower


_____ (Seal)      _____ (Seal)
                      -Borrower                             -Borrower


**SOUTH DAKOTA**-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS
VMP®-6A(SD) (1302).00                  Page 14 of 15                  Form 3042  1/01

Recorded Dec 28, 2016 at 10:00
In Book 1811 of Mtgs  on Page 391

15 of 16

**STATE OF SOUTH DAKOTA,** Minnehaha                    **County ss:**

On this    12th    day of    December, 2016    , before me, the undersigned officer, personally appeared Eric L. Roth, a married man and Debra Roth, his wife

known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My Commission Expires: 7/13/22

RENAE R. ROBBINS
NOTARY PUBLIC
SEAL   SOUTH DAKOTA   SEAL

*Renae R. Robbins*

*Notary Public*
Title of Officer

*Renae R. Robbins*

Loan origination organization  Quicken Loans Inc.
NMLS ID  ▮
Loan originator  Kevin Hofman
NMLS ID  ▮

**SOUTH DAKOTA**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**
VMP -6A(SD) (1302).00              Page 15 of 15        Initials:          Form 3042  1/01

Recorded Dec 28, 2016 at 10:00
In Book 1811 of Mtgs  on Page 391

16 of 16

## EXHIBIT A - LEGAL DESCRIPTION

Tax Id Number(s): 012989

Land Situated  in the City of Hartford in the County of Minnehaha in the State of SD

THE SOUTH 386 FEET OF THE NORTH 687 FEET OF THE EAST 634.07 FEET OF THE NORTHEAST QUARTER
OF THE SOUTHEAST QUARTER (NE1/4 SE1/4) OF SECTION 35, TOWNSHIP 101 NORTH, RANGE 51 WEST
OF THE 5TH P.M., MINNEHAHA COUNTY, SOUTH DAKOTA.

Parcel ID: 12989

Commonly known as:   26759 465th Ave , Hartford, SD 57033-6927



1632   12/22/2016   80577975/1

*U06139026*

RECEIVED
DEC 2 8 2016





(e) UPS Label (Hannah)

**Recording Requested By/Return To:**

Final Docs Team
1050 Woodward Ave.
Detroit, MI 48226

Recorded Apr 12, 2023 at 10:25
In Book 1968 of Mtgs on Page 210
Amanda Halsey, Register of Deeds
Minnehaha County, South Dakota
By _____, Deputy

(SEAL)

**This Instrument Prepared By:**
Andrew Curd
Rocket Mortgage, LLC
1050 Woodward Ave.
Detroit, MI 48226
Tel. No.: ███████

R105515   **Assignment of Mortgage**

**FOR VALUE RECEIVED, Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee,**
as nominee for
QUICKEN LOANS INC. ,whose address is P.O. Box 2026, Flint, MI 48501-2026
                                                                    its successors and assigns, does hereby grant,
assign, transfer and convey, unto Rocket Mortgage, LLC, FKA Quicken Loans, LLC *       , a corporation
organized and existing under the laws of the state of Michigan                   (herein "Assignee"), whose
address is 1050 Woodward Ave. Detroit, MI 48226          *FKA Quicken Loans Inc.
                                                                              , its successors
and assigns, all its right, title and interest in and to a certain Mortgage dated    December 12, 2016    ,
made and executed by
ERIC L. ROTH, A MARRIED MAN AND DEBRA ROTH, HIS WIFE

whose address is   26759 465Th Ave, Hartford, SD 57033
to and in favor of Mortgage Electronic Registration Systems, Inc ("MERS") as mortgagee, as nominee for
QUICKEN LOANS INC., its successors and assigns
                                                                                    upon the
following described property situated in    MINNEHAHA                   County, State
of  South Dakota

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A
PART  HEREOF SUBJECT TO COVENANTS OF RECORD.

Tax Parcel #: 012989

Mortgage Recorded On: 12/28/2016                    Book/Liber#: 1811
Document Number: R631372                              Page#: 391
MIN: ███████              MERS Phone: ███████

MERS Assignment of Mortgage
VMP                                                                                     VMP95M (1104).00
Wolters Kluwer Financial Services  © 2000, 2011                                          Page 1 of 3

such Mortgage having been given to secure payment of
One Hundred Fifty Five Thousand Five Hundred Fifty Dollars and 00/100

          ($ 155,550.00         ) (Include the Original Principal Amount) which Mortgage is of record in Book, Volume, or Liber No. 1811      , at page 391      (or as No. R631372      ) of the           Records of MINNEHAHA   County, State of South Dakota          and all rights accrued or to accrue under such Mortgage.

      TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

      IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on April 11, 2023

_____
Witness Heather Ostrander

_____
Witness  Jacob Akers

_____
Attest

**Mortgage Electronic Registration Systems, Inc. ("MERS")** as mortgagee, as nominee for QUICKEN LOANS INC. , its successors and assigns

By: _____
                          (Signature)
Name:  Angela Nicholson
Title:    Assistant Secretary of MERS

MERS Assignment of Mortgage
VMP-®
Wolters Kluwer Financial Services  © 2000, 2011

VMP95M (1104).00
Page 2 of 3

**Acknowledgement**

State of Michigan
County of Wayne
On 04/11/2023 , before me Andrew Curd , a Notary Public of Michigan , personally appeared
Angela Nicholson , Assistant Secretary of Mortgage Electronic Registration Systems, Inc.("MERS")
as mortgagee, as nominee for QUICKEN LOANS INC. , its successors and assigns,personally known
to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument, the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

WITNESS my hand and official seal.

ANDREW CURD
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OAKLAND
My Commission Expires October 19, 2026
Acting in the County of Wayne

Name: Andrew Curd
Title: Notary Public

MERS Assignment of Mortgage
Wolters Kluwer Financial Services  © 2000, 2011

VMP95M (1104).00
Page 3 of 3

EXHIBIT A - LEGAL DESCRIPTION

Tax Id Number(s): 012989

Land Situated in the City of Hartford in the County of Minnehaha in the State of SD

THE SOUTH 386 FEET OF THE NORTH 687 FEET OF THE EAST 634.07 FEET OF THE NORTHEAST QUARTER
OF THE SOUTHEAST QUARTER (NE1/4 SE1/4) OF SECTION 35, TOWNSHIP 101 NORTH, RANGE 51 WEST
OF THE 5TH P.M., MINNEHAHA COUNTY, SOUTH DAKOTA.

Parcel ID: 12989

Commonly known as:   26759 465th Ave , Hartford, SD 57033-6927



RECEIVED
APR 1 2 2023
10:25

# EXHIBIT "C"

 **SERVICELINK**

**4600 FULLER DRIVE, SUITE 400**
**IRVING, TEXAS 75038**
Order Placement -- FCL-CS@svclnk.com

TM# ███
CLIENT# ███
LOAN # ███

DATE COMPLETED: 04/03/2023
EFFECTIVE DATE: 03/21/2023
BORROWER NAME: ERIC L. ROTH & DEBRA ROTH
ADDRESS: 26759 465TH AVENUE, HARTFORD, SD, 57033
COUNTY: MINNEHAHA
LEGAL DESCRIPTION: SEE ATTACHED EXHIBIT "A"

### FANNIE MAE FORECLOSURE REPORT

---

**TAX INFORMATION**        PARCEL #: 012989
                           TAX TYPE: REAL ESTATE

YEAR: 2022        1ST    AMOUNT: $1,149.44        STATUS: OPEN
                  2ND    AMOUNT: $1,149.44        STATUS: OPEN

ASSESSMENT TOTAL: $214,200.00

*TAXES ARE PROVIDED AS A COURTESY AND DO NOT CONSTITUTE CERTIFIED AMOUNTS

---

**MOBILE HOME:** NONE FOUND

---

**HOME/CONDO OWNERS ASSOCIATION:** NONE

---

**REAL PROPERTY OWNER:** ERIC L. ROTH

**WARRANTY DEED**
**GRANTOR:**        TERRENCE A. MATZEN, AKA TERRY A. MATZEN AND DENISE M. MATZEN,
                    HUSBAND AND WIFE
**GRANTEE:**        DAN WEINSTEIN AND CINDA WEINSTEIN, HUSBAND AND WIFE, JOINT TENANTS
                    WITH RIGHTS OF SURVIVORSHIP
**DATED:** 09/30/1991        **RECORDED:** 10/02/1991    **BOOK:** 413        **PAGE:** 96
                             **INSTRUMENT NO.:** R117768

**QUIT CLAIM DEED**
**GRANTOR:**        CINDA WEINSTEIN, WIFE OF THE GRANTEE HEREIN
**GRANTEE:**        DAN WEINSTEIN
**DATED:** 08/15/2003        **RECORDED:** 09/09/2003    **BOOK:** 488        **PAGE:** 356
                             **INSTRUMENT NO.:** R345875

**WARRANTY DEED**
**GRANTOR:**        DAN WEINSTEIN, A SINGLE PERSON

---

**Filed: 5/12/2023 12:26 PM CST   Minnehaha County, South Dakota    49CIV23-001301**

# ▲ SERVICELINK

**GRANTEE:**      ERIC L. ROTH, A SINGLE PERSON
**DATED:** 04/21/2006      **RECORDED:** 04/25/2006   **BOOK:** 506        **PAGE:** 990
                       **INSTRUMENT NO.:** R610830

---

## MORTGAGE-ONE HUNDRED EIGHTY DAY REDEMPTION

**LENDER:** MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR QUICKEN LOANS INC.
**BORROWER:** ERIC L. ROTH, A MARRIED MAN AND DEBRA ROTH, HIS WIFE
**DATED:** 12/12/2016      **RECORDED:** 12/28/2016   **BOOK:** 1811      **PAGE:** 391
                   **INSTRUMENT NO.:** R631372        **AMOUNT:** $155,550.00

---

**THE FOLLOWING NAMES HAVE BEEN SEARCHED FOR DIVORCES, PROBATES, SUITS, JUDGMENTS, FEDERAL TAX LIENS AND STATE TAX LIENS:**

ERIC ROTH, DEBRA ROTH

**JUDGMENTS:**

                                      NONE

**UCC:**

                                        NONE

**MORTGAGE FORECLOSURE/LIS PENDENS:**

                                        NONE

**NOTICE OF LIENS**

                                        NONE

**CHILD SUPPORT LIENS:**

                                        NONE

**MECHANIC'S LIENS:**

                                        NONE

**MUNICIPAL LIENS:**

                                        NONE



**STATE TAX LIENS:**

NONE

**FEDERAL TAX LIENS:**

NONE

 **SERVICELINK**

**EXHIBIT "A"**

LAND SITUATED IN THE CITY OF HARTFORD IN THE COUNTY OF MINNEHAHA IN THE STATE OF SD

THE SOUTH 386 FEET OF THE NORTH 687 FEET OF THE EAST 634.07 FEET OF THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER (NE1/4 SE1/4) OF SECTION 35, TOWNSHIP 101 NORTH, RANGE 51 WEST OF THE 5TH P.M., MINNEHAHA COUNTY, SOUTH DAKOTA.

 **SERVICELINK**

Order#: ████████

**DISCLAIMER– LIABILITY LIMITATION TO AMOUNT OF FEE PAID FOR REPORT.**

YOU EXPRESSLY AGREE AND ACKNOWLEDGE THAT IT IS EXTREMELY DIFFICULT, IF NOT IMPOSSIBLE, TO DETERMINE THE EXTENT OF LOSS WHICH COULD ARISE FROM ERRORS OR OMISSIONS IN, OR THE COMPANY'S NEGLIGENCE IN PRODUCING, THE REPORT. YOU RECOGNIZE THAT THE FEE CHARGED IS NOMINAL IN RELATION TO THE POTENTIAL LIABILITY WHICH COULD ARISE FROM SUCH ERRORS OR OMISSIONS OR NEGLIGENCE. THEREFORE, YOU UNDERSTAND THAT THE COMPANY WAS NOT WILLING TO PROCEED IN THE PREPARATION AND ISSUANCE OF THE REQUESTED REPORT BUT FOR YOUR AGREEMENT THAT THE COMPANY'S LIABILITY IS STRICTLY LIMITED.

YOU AGREE THAT MATTERS AFFECTING TITLE BUT WHICH DO NOT APPEAR AS A LIEN OR ENCUMBRANCE AS DEFINED IN THE CUSTOMER AGREEMENT ARE OUTSIDE THE SCOPE OF THE REPORT. COMPANY IS NOT RESPONSIBLE FOR ANY INDEXING ERRORS OR OMISSIONS.

YOU AGREE, AS PART OF THE CONSIDERATION FOR THE ISSUANCE OF THIS REPORT AND TO THE FULLEST EXTENT PERMITTED BY LAW, TO LIMIT THE LIABILITY OF THE COMPANY, ITS LICENSORS, AGENTS, SUPPLIERS, RESELLERS, SERVICE PROVIDERS, CONTENT PROVIDERS, OR ANY OTHER SUBSCRIBERS OR SUPPLIERS, SUBSIDIARIES, AFFILIATES, EMPLOYEES, AND SUBCONTRACTORS FOR ANY AND ALL CLAIMS, LIABILITIES, CAUSES OF ACTION, LOSSES, COSTS, DAMAGES AND EXPENSES OF ANY NATURE WHATSOEVER, INCLUDING ATTORNEY'S FEES, HOWEVER ALLEGED OR ARISING INCLUDING BUT NOT LIMITED TO THOSE ARISING FROM BREACH OF CONTRACT, NEGLIGENCE, THE COMPANY'S OWN FAULT AND/OR NEGLIGENCE, ERRORS, OMISSIONS, STRICT LIABILITY, BREACH OF WARRANTY, EQUITY, THE COMMON LAW, STATUTE, OR ANY OTHER THEORY OF RECOVERY OR FROM ANY PERSON'S USE, MISUSE, OR INABILITY TO USE THE REPORT, SO THAT **THE TOTAL AGGREGATE LIABILITY OF THE COMPANY, ITS EMPLOYEES, AGENTS AND SUBCONTRACTORS FOR ANY AND ALL DAMAGES, REGARDLESS OF THE TYPE OF DAMAGES, SHALL NOT EXCEED THE LIMITS AGREED UPON, WHICH ARE CONTAINED IN THE CUSTOMER AGREEMENT, STATEMENT OF WORK, COMMITMENT OF SERVICES OR ANY OTHER FORM OF AGREEMENT BETWEEN YOU AND THE COMPANY, WHICH MAY EXCLUSIVELY BE CONTAINED IN THIS DISCLAIMER.**

YOU AGREE THAT THE FOREGOING LIMITATION ON LIABILITY IS A TERM MATERIAL TO THE PRICE YOU ARE PAYING WHICH PRICE IS LOWER THAN WOULD OTHERWISE BE OFFERED TO YOU WITHOUT SAID TERM. YOU RECOGNIZE THAT THE COMPANY WOULD NOT ISSUE THIS REPORT, BUT FOR YOUR AGREEMENT, AS PART OF THE CONSIDERATION GIVEN FOR THIS REPORT, TO THE FOREGOING LIMITATION OF LIABILITY AND THAT ANY SUCH LIABILITY IS CONDITIONED AND PREDICATED UPON THE FULL AND TIMELY PAYMENT OF THE COMPANY'S INVOICE FOR THIS REPORT.

**THIS REPORT IS LIMITED IN SCOPE AND IS NOT AN ABSTRACT OF TITLE, TITLE OPINION, PRELIMINARY TITLE REPORT, TITLE REPORT, COMMITMENT TO ISSUE TITLE INSURANCE, A TITLE POLICY, OR TRUSTEE SALE GUARANTEE** AND SHOULD NOT BE RELIED UPON AS SUCH. IN PROVIDING THIS REPORT, THE COMPANY IS NOT ACTING AS AN ABSTRACTOR OF TITLE. THIS REPORT DOES NOT PROVIDE OR OFFER ANY TITLE INSURANCE, LIABILITY COVERAGE, GUARANTEE, OR ERRORS AND OMISSIONS COVERAGE. THIS REPORT IS NOT TO BE RELIED UPON AS A REPRESENTATION OF THE STATUS OF TITLE TO THE PROPERTY. THE COMPANY MAKES NO REPRESENTATIONS AS TO THE REPORT'S ACCURACY, DISCLAIMS ANY WARRANTIES AS TO THE REPORT, ASSUMES NO DUTIES TO YOU, DOES NOT INTEND FOR YOU TO RELY ON THE REPORT, AND ASSUMES NO LIABILITY FOR ANY LOSS OCCURRING BY REASON OF RELIANCE ON THIS REPORT OR OTHERWISE.

IF YOU DO NOT WISH TO LIMIT LIABILITY AS STATED HEREIN AND YOU DESIRE THAT ADDITIONAL LIABILITY BE ASSUMED BY THE COMPANY, YOU MAY REQUEST AND PURCHASE A POLICY OF TITLE INSURANCE, A BINDER, A COMMITMENT TO ISSUE A POLICY OF TITLE INSURANCE, OR TRUSTEE SALE GUARANTEE, AS APPLICABLE. NO ASSURANCE IS GIVEN AS TO THE INSURABILITY OF THE TITLE OR STATUS OF TITLE. YOU EXPRESSLY AGREE AND ACKNOWLEDGE THAT YOU HAVE AN INDEPENDENT DUTY TO ENSURE AND/OR RESEARCH THE ACCURACY OF ANY INFORMATION OBTAINED FROM THE COMPANY OR ANY PRODUCTS OR SERVICES PURCHASED.  **DIVORCE CASES, BANKRUPTCY CASES, AND PROBATE CASES ARE NOT EXAMINED AND MUST BE REVIEWED BY AN ATTORNEY.**

NO THIRD PARTY IS PERMITTED TO USE OR RELY UPON THE INFORMATION SET FORTH IN THIS REPORT, AND NO LIABILITY TO ANY THIRD PARTY IS UNDERTAKEN BY THE COMPANY.

THESE LIMITATIONS WILL SURVIVE THE CONTRACT.

# EXHIBIT "D"

Rocket Mortgage, LLC
PO Box 9074
Temecula, CA  92589-9074

▌║▌║▌║▌║║▌║▌║║▌║║▌║▌║║▌║║▌║▌║║▌║

2375008902

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
Rocket Mortgage, LLC
635 Woodward
Detroit, MI  48226

Send Correspondence to:
Rocket Mortgage, LLC
P.O. Box 442359
Detroit, MI  48244-2359

ERIC L ROTH
DEBRA ROTH
26759 465TH AVE
HARTFORD, SD 57033-6927

W_SD_DEMAND

# ROCKET Mortgage

Sent Via First-Class Mail®

11/28/2022

ERIC L ROTH
DEBRA ROTH
26759 465TH AVE
HARTFORD, SD 57033-6927

Loan Number: ██████████
Property Address: 26759 465TH AVE
HARTFORD, SD 57033-6927

Dear ERIC L ROTH and DEBRA ROTH:

This letter is formal notice by Rocket Mortgage, LLC, the Servicer of the above-referenced loan acting on behalf of FANNIE MAE A/A, that you are in default under the terms of the documents creating and securing your Loan described above, including the Note and Deed of Trust/Mortgage/Security Deed ("Security Instrument"), for failure to pay amounts due.

You have a right to cure your default. To cure the default, you must pay the full amount of the default on this loan by 01/02/2023 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter). Failure to cure the default on or before this date may result in acceleration of the sums secured by the Security Instrument and sale of the property.

As of the date of this notice, the total amount required to cure the default is $35,151.56, which consists of the following:

| Next Payment Due Date: | | 06/01/2020 |
|---|---|---|
| Total Monthly Payments Due: | | $36,163.42 |
| 06/01/2020 | at | $1,109.33 |
| 07/01/2020 | at | $1,109.33 |
| 08/01/2020 | at | $1,109.33 |
| 09/01/2020 | at | $1,109.33 |
| 10/01/2020 | at | $1,109.33 |
| 11/01/2020 | at | $1,109.33 |
| 12/01/2020 | at | $1,109.33 |
| 01/01/2021 | at | $1,155.07 |
| 02/01/2021 | at | $1,155.07 |
| 03/01/2021 | at | $1,155.07 |
| 04/01/2021 | at | $1,155.07 |
| 05/01/2021 | at | $1,155.07 |
| 06/01/2021 | at | $1,155.07 |
| 07/01/2021 | at | $1,155.07 |
| 08/01/2021 | at | $1,155.07 |
| 09/01/2021 | at | $1,155.07 |
| 10/01/2021 | at | $1,155.07 |
| 11/01/2021 | at | $1,155.07 |
| 12/01/2021 | at | $1,155.07 |
| 01/01/2022 | at | $1,321.57 |

| | | |
|---|---|---|
| 02/01/2022 | at | $1,321.57 |
| 03/01/2022 | at | $1,321.57 |
| 04/01/2022 | at | $1,321.57 |
| 05/01/2022 | at | $1,321.57 |
| 06/01/2022 | at | $1,321.57 |
| 07/01/2022 | at | $1,321.57 |
| 08/01/2022 | at | $1,321.57 |
| 09/01/2022 | at | $1,321.57 |
| 10/01/2022 | at | $1,321.57 |
| 11/01/2022 | at | $1,321.57 |
| Late Charges: | | $0.00 |
| Corporate Advance Balance: | | $30.00 |
| Unapplied Balance: | | ($1,041.86) |

**TOTAL YOU MUST PAY TO CURE DEFAULT:**                **$35,151.56**

You can cure this default by making a payment of $35,151.56 by 01/02/2023. Please note any additional monthly payments, late charges and other charges that may be due under the Note, Security Instrument and applicable law after the date of this notice must also be paid to bring your account current. You may contact our Loss Mitigation Department at 1-800-508-0944 to obtain updated payment information. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current default. Please include your loan number and property address with your payment and send to:

Rocket Mortgage, LLC
635 Woodward
Detroit, MI 48226

If you wish to dispute the delinquency, or if you dispute the calculation of amount of the delinquency and reinstatement amount, you may contact us by calling 1-800-508-0944.

**To the extent your obligation has been discharged or is subject to the automatic stay in a bankruptcy case, this notice is for informational purposes only and does not constitute a demand for payment or an attempt to collect a debt as your personal obligation. If you are represented by an attorney, please provide us with the attorney's name, address, and telephone number.**

IF YOU ARE UNABLE TO BRING YOUR ACCOUNT CURRENT, Rocket Mortgage, LLC offers consumer assistance programs designed to help resolve delinquencies and avoid foreclosure. These services are provided without cost to our customers. You may be eligible for a loan workout plan or other similar alternatives to foreclosure. If you would like to learn more about these programs, you may contact ACCT RESOLUTION TEAM at 800-508-0944, Monday - Friday: 8:30 a.m. to 9:00 p.m. ET and Saturday: 9:00am - 4:00pm ET to discuss possible options. You may also visit our website www.RocketMortgage.com. WE ARE VERY INTERESTED IN ASSISTING YOU.

You have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale. If foreclosure proceedings are undertaken, we may pursue a deficiency judgment, if permitted by applicable law. Failure to respond to this letter may result in the loss of your property.

**Rocket Mortgage, LLC is a debt collector, this is an attempt to collect a debt and any information obtained will be used for that purpose.**

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies by Rocket Mortgage, LLC.

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure.  SCRA and certain state laws provide important protections for you, including prohibiting foreclosure under most circumstances.  If you are currently in the military service, or have been within the last twelve (12) months, **AND** joined after signing the Note and Security Instrument now in default, please notify Rocket Mortgage, LLC immediately. When contacting Rocket Mortgage, LLC as to your military service, you must provide positive proof as to your military status.  Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer.  Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil; 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified housing counselors (http://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm).  You can also contact ACCT RESOLUTION TEAM toll-free at 800-508-0944 if you have questions about your rights under SCRA.

For your benefit and assistance, there are government approved homeownership counseling agencies designed to help homeowners avoid losing their homes. To obtain a list of approved counseling agencies, please call 1-800-569-4287 or visit http://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm. You may also contact the Homeownership Preservation Foundation's Hope hotline at 1-888-995-HOPE (4673).

This matter is very important. Please give it your immediate attention.

Sincerely,

Rocket Mortgage, LLC
635 Woodward
Detroit, MI 48226
1-800-508-0944

If you want to send us a Qualified Written Request, a Notice of Error, or an Information Request, you must mail it to
Rocket Mortgage, LLC
P.O. Box 442359
Detroit, MI 48244-2359

## IN THE STATE OF SOUTH DAKOTA, COUNTY OF MINNEHAHA
## IN THE CIRCUIT COURT, SECOND JUDICIAL CIRCUIT COURT

| | |
|---|---|
| Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc., <br><br> **Plaintiff,** <br><br> v. <br><br> Eric L. Roth and Debra Roth, and any person in possession, <br> **Defendants.** | **NOTICE OF NO PERSONAL CLAIM** <br><br> CIVIL NUMBER: |

1.      To the above-listed Defendants, please take notice that the above action is brought

to foreclose a mortgage conveying real property situated in Minnehaha County, South Dakota,

described as follows, to-wit:

> The South 386 feet of the North 687 feet of the East 634.07 feet of the Northeast Quarter
> of the Southeast Quarter (NE1/4 SE1/4) of Section 35, Township 101 North, Range 51
> West of the 5th P.M., Minnehaha County, South Dakota.

> Property Address: 26759 465th Avenue, Hartford, SD 57033.

2.      You are notified that NO PERSONAL Claim is made against the above-named

Defendants to whom this notice is directed.  Therefore, in accordance with S.D.C.A. § 15-9-6, no

costs will be taxed or money judgment taken against you unless you oppose this action.

Date: May 9, 2023

<div style="margin-left:40%">

*/s/ Zachary Nesbit*
Zachary Nesbit
Halliday, Watkins & Mann, P.C.
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Tel: 801-355-2886
Email: zach@hwmlawfirm.com
Bar Number:  4161
HWM: SD21278

</div>

SD21278.NOTICE                    Page 1 of 1

## IN THE STATE OF SOUTH DAKOTA, COUNTY OF MINNEHAHA
## IN THE CIRCUIT COURT, SECOND JUDICIAL CIRCUIT COURT

| | |
|---|---|
| Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc., | **SUMMONS** |
| **Plaintiff,** | CIVIL NUMBER: |
| v. | |
| Eric L. Roth and Debra Roth, and any person in possession, | |
| **Defendants.** | |

1.     To the above-mentioned Defendants and all persons unknown, claiming any estate or interest in, or lien or encumbrance upon, the real property described in the complaint.

2.     You are hereby summoned to appear and defend against the Complaint in this action, which has been filed with the Clerk of Court and is herewith served upon you, by serving upon the undersigned a copy of an Answer or other proper response within thirty (30) days after the service of this Summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the Complaint. The original Complaint is filed with the Clerk of the Circuit Court in the County in which this action is commenced.

3.     This action relates to the foreclosure of a mortgage upon the following described real property located in the County of Minnehaha, State of South Dakota:

The South 386 feet of the North 687 feet of the East 634.07 feet of the Northeast Quarter of the Southeast Quarter (NE1/4 SE1/4) of Section 35, Township 101 North, Range 51 West of the 5th P.M., Minnehaha County, South Dakota.

Property Address: 26759 465th Avenue, Hartford, SD 57033

4.   The Plaintiff is not seeking a personal judgment against the above-named Defendants.

Date: May 9, 2023

/s/ Zachary Nesbit
Zachary Nesbit
Halliday, Watkins & Mann, P.C.
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Tel: 801-355-2886
Fax: 801-328-9714
Email: zach@hwmlawfirm.com
Bar Number: 4161
HWM: SD21278