UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROCKET MORTGAGE, LLC *formerly known as* Quicken Loans, LLC, *formerly known as* Quicken Loans Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC L. ROTH and DEBRA L. ROTH,<br><br>Defendants. | 4:23-04207-KES<br><br>ORDER REQUESTING FURTHER BRIEFING |

Defendants, Eric and Debra Roth, filed a pro se notice of removal of a state court action to federal court. Docket 1. Plaintiff, Rocket Mortgage LLC, moves for remand of the action to state court. Docket 4. As grounds, Rocket Mortgage argues the court lacks subject matter jurisdiction and that the Roths untimely filed their notice of removal. Docket 5 at 5-8. Rocket Mortgage also seeks an order requiring the Roths to pay just costs and actual expenses incurred, including attorney's fees, as a result of this removal action. *Id.* at 9.

After reviewing the state court record, Roths' notice of removal, and Rocket Mortgage's submissions, the court requests the parties submit additional material so this court can determine whether it has subject matter

jurisdiction.[1] *See Hunter v. Page Cnty.,* 102 F.4th 853, 863 (8th Cir. 2024). "Even if the parties do not raise a jurisdictional issue, it is the court's duty to raise the issue of its own accord, or sua sponte." *Id.* (citing *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991)). Rocket Mortgage's underlying complaint alleges only state-law claims, so this court only has jurisdiction if the amount in controversy exceeds $75,000 and the parties are diverse. *See* 28 U.S.C. § 1332(a). The party invoking federal jurisdiction bears the burden of proving that all requirements for jurisdiction are met. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (citing *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002)). Furthermore, under Federal Rule of Civil Procedure 7.1(a)(2)(A), in an action based on diversity, "a party . . . must . . . file a disclosure statement. The statement must name—and identify the citizenship of—every individual or

[1] Rocket Mortgage relies primarily on the forum defendant rule to argue that the court does not have jurisdiction to hear this case. *See* Docket 5 at 8. The forum defendant rule "strips forum defendants of the statutory right to remove [to federal court.]" *Holbein v. TAW Enters.*, 983 F.3d 1049, 1054 (8th Cir. 2020). But the forum defendant rule is procedural, not jurisdictional, because it "does not strip district courts of jurisdiction they otherwise have to adjudicate the sorts of actions forum defendants might attempt to remove." *Id.* at 1054. Thus, even assuming the Roths are citizens of South Dakota and that their removal would violate the forum defendant rule, such a violation does not implicate the court's subject matter jurisdiction. Relatedly, the court cannot reach this argument if it lacks subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (stating that "[h]ypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning").

entity whose citizenship is attributed to that party . . . when the action is filed in or removed to federal court[.]"

Here, Rocket Mortgage's complaint seeks $181,064.06, so the amount in controversy exceeds the $75,000 threshold required under § 1332(a). Docket 1-1 at 24. But for this court to have jurisdiction under § 1332(a), there must be complete diversity amongst the parties. Complete diversity requires that "[n]o plaintiff can be a citizen of the same state as any defendant." *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1109 (8th Cir. 2023) (emphasis omitted).

To determine whether the parties are diverse, the court must determine the citizenship of each party. A party's citizenship depends on their status as an individual or as an entity. *See Salveson v. Miller*, 489 F. Supp. 2d 963, 966 (D.S.D. 2007) (providing test to determine individual's citizenship); *Cleek v. Ameristar Casino Kan. City, LLC*, 47 F.4th 629, 634 (8th Cir. 2022) (providing test to determine LLC's citizenship). For an individual, citizenship and domicile are synonymous. *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 839 (8th Cir. 2022) (quoting *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1086 (8th Cir. 2017)). For individuals to "establish domicile, [they] must both be physically present in the state and have the intent to make [their] home there indefinitely." *Eckerberg* 860 F.3d at 1085 (quoting *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990)). When determining an individual's intent, a court may look to "objective factors" such as "declarations, exercise of civil and political rights, payment of taxes, obtaining of licenses, location of business or

occupation, and ownership of property." *Id.* (quoting *Bruton v. Shank*, 349 F.2d 630, 631 n.2 (8th Cir. 1965)).

Here, the court cannot readily determine the Roths' citizenship. Although the Roths appear to own at least one parcel of property in South Dakota, Docket 1-1 at 15, the mere fact that an individual owns property in a state, without more, is insufficient to show citizenship. *See, e.g.*, *Lax v. APP of New Mexico ED, PLLC*, 2022 WL 2711230, at *5 (10th Cir. July 13, 2022) (stating that property ownership in a state, without other supporting evidence, does not establish citizenship); *919 Old Winter Haven Rd. SPE, LLC v. Friedman*, 2020 WL 871087, at *6 (M.D. Fla. Feb. 21, 2020) (holding that property ownership alone does not show citizenship in a state).

Nor can the court readily determine Rocket Mortgage's citizenship. Rocket Mortgage appears to be an LLC, and thus its citizenship is determined by "that of its members for diversity jurisdiction purposes." *Cleek*, 47 F.4th at 634 (quoting *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) and collecting cases). Here, Rocket Mortgage has failed to abide by Fed. R. Civ. P. 7.1(a)(2)(A) by not including a disclosure statement naming and identifying the citizenship of its members. Furthermore, the record contains no evidence of Rocket Mortgage's members, nor their individual citizenships for diversity purposes. Without sufficient evidence from either

party regarding their citizenship,[2] the court cannot assure itself of its jurisdiction to hear the case and thus cannot proceed forward at this time.

Thus, it is

ORDERED that Rocket Mortgage shall submit the required Disclosure Statement under Federal Rule of Civil Procedure 7.1(a)(2)(A).

It is FURTHER ORDERED that the Roths shall submit evidence of their citizenship.

It is FURTHER ORDERED that the parties will submit these materials by **July 22, 2024.**

Dated July 2, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

[2] Eric Roth filed "evidence" with the state court that he claims shows he is not a South Dakota citizen, claiming instead to be a sovereign-citizen and the "beneficial user of the Eric Lee Roth registered organization . . . ." *See Rocket Mortgage, LLC v. Eric L. Roth and Debra Roth* 49 CIV-23-001301, Exhibits/Attachments Part 3 at 34. The Eighth Circuit has repeatedly rejected similar sovereign-citizen arguments, as does this court here. *See United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (stating that the sovereign-citizen movement is "completely without merit [and] patently frivolous"); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting "sovereign citizen" as a status); *Meyer v. Pfeifle*, 2019 WL 1209776, at *5 (D.S.D. Mar. 14, 2019) ([A]llegations regarding rights as a 'sovereign citizen' are frivolous and fail to state a claim."), *aff'd*, 790 F. App'x 843 (8th Cir. 2020) (per curiam). The court has not received any evidence pertaining to Debra Roth's citizenship. Thus, the court requests the Roths to submit evidence of their citizenship based on the factors listed above. Failure to do so will result in the court remanding the action for lack of subject matter jurisdiction.