UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ROCKET MORTGAGE, LLC, *formerly known as* Quicken Loans, LLC, *formerly known as* Quicken Loans Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC L. ROTH and DEBRA L. ROTH,<br><br>Defendants. | 23-04207-KES<br><br>ORDER REMANDING CASE TO STATE COURT AND DENYING MOTION TO EXTEND |

Plaintiff, Rocket Mortgage, LLC, f/k/a Quicken Loans, LLC, f/k/a Quicken Loans, Inc., moves to remand this matter to state court. Docket 4. Defendants, Eric L. Roth and Debra L. Roth, did not respond to the motion to remand. On July 2, 2024, the court ordered further briefing on the jurisdictional issue. Docket 9. The briefing was due on July 22, 2024. *Id.* Today, August 19, 2024, defendants moved to extend their deadline to provide the briefing. Docket 14. After considering the motion to remand on its merits, for the following reasons, the court grants the motion to remand this matter to state court.

Defendants were personally served with a summons and complaint on June 9, 2023. Docket 1-1 at 2. This case was filed initially in state court in the Second Judicial Circuit, Minnehaha County, South Dakota. Docket 5 at 3. Defendants filed an answer to the complaint on July 11, 2023. *Id.* On September 19, 2023, Rocket Mortgage moved for summary judgment.

Docket 1-1 at 9. A hearing on the motion was set for October 30, 2023.

Docket 5 at 3. A week before the hearing date, defendants sent an *ex-parte*

letter to the court requesting additional time to respond. *Id.* at 4. The court

set a new hearing date of December 6, 2023. *Id.* After defendants failed to

respond to the motion for summary judgment or appear at the hearing, the

court entered summary judgment against defendants. *Id.* Later, on

December 6, 2023, defendants filed their Notice of Removal with this court.

Docket 1. Rocket Mortgage filed its motion for remand to state court on

January 3, 2024. Docket 4.

Under 28 U.S.C. §1446(b)(1), a defendant is required to file a notice of

removal "within 30 days after the receipt by the defendant, through service

or otherwise, of a copy of the initial pleading setting forth the claim for relief

upon which such action or proceeding is based[.]" Defendants were

personally served with the summons and complaint on June 9, 2023.

Docket 1-1 at 2. Defendants did not file their notice of removal until

December 6, 2023, which was more than 30 days after they received the

summons and complaint and after the state court entered summary

judgment against them.

The Eighth Circuit has recognized that § 1446(b)'s 30-day clock

"begins running upon receipt of the initial complaint *only* when the

complaint explicitly discloses the plaintiff is seeking damages in excess of

the federal jurisdictional amount." *In re. Willis*, 228 F.3d 896, 897 (8th Cir.

2000) (emphasis added). Here, the complaint explicitly identified that it was seeking damages in excess of the amount to establish diversity jurisdiction, namely it was seeking damages in the amount of $181,064.06, plus accruing interest. Thus, the case was removable as initially pleaded and the notice of removal filed by defendants was untimely.

Defendants also move to extend their deadline, *see* docket 14, to respond to this court's order requesting further briefing regarding the defendants' state citizenship for diversity jurisdiction purposes. Docket 9. Because the court decides this case on the timing of removal and not on residency grounds, defendants' motion to extend is denied.

As a result, it is

ORDERED that the Motion to Remand to State Court (Docket 4) is granted. The Clerk of Court is directed to immediately remand this case to the Circuit Court of the Second Judicial Circuit, Minnehaha County, South Dakota. This case will then be closed.

Dated August 19, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE